Peters, P.J.
Appeal from a judgment of the Supreme Court (Cerio, J.), entered August 8, 2012 in Otsego County, which, among other things, granted defendant’s cross motion for sum *1171 mary judgment dismissing the complaint and declared that defendant’s zoning law was not preempted by the Oil, Gas and Solution Mining Law.
In June 2011, defendant enacted a new zoning law which, among other things, categorized all oil, gas and solution mining and drilling as prohibited land uses within the Town of Middlefield, Otsego County. Plaintiff, a corporation which owns oil and gas leases for parcels of real property located within the Town, commenced this action seeking a declaration that the zoning law was preempted by the Oil, Gas and Solution Mining Law (see ECL 23-0301 et seq. [hereinafter OGSML]). Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Additionally, various groups moved for, and were granted, leave to file amicus curiae briefs.* Concluding that the zoning law was not preempted by the supersession clause of the OGSML (see ECL 23-0303 [2]), Supreme Court denied plaintiffs motion and granted defendant’s cross motion. After plaintiff unsuccessfully moved to renew its motion based upon newly discovered legislative material (see CPLR 2221 [e]), a judgment was issued dismissing the complaint and declaring that the zoning law was valid and not preempted by the OGSML. Plaintiff appeals.
As in Matter of Norse Energy Corp. USA v Town of Dryden (108 AD3d 25 [2013] [decided herewith]), plaintiff here argues that the OGSML preempts a municipality’s authority to enact local land use laws prohibiting oil, gas and solution mining or drilling activities within its borders. For the reasons set forth in Matter of Norse Energy Corp. USA v Town of Dryden, we find plaintiffs claim to be without merit and affirm Supreme Court’s judgment declaring that defendant’s zoning law is valid.
Stein, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Several interested groups were also granted permission by this Court to file an amicus curiae brief on appeal (see 2012 NY Slip Op 91275[U] [2012]; 2012 NY Slip Op 90486[U] [2012]; 2012 NY Slip Op 89959[U] [2012]; 2012 NY Slip Op 89414[U] [2012]; see also Matter of Norse Energy Corp., USA v Town of Dryden, 108 AD3d 25, 28 n 4 [2013] [decided herewith]).